**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-4135**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WILLIAM ALLEN HESTER, JR.,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.   Terrence W. Boyle,
District Judge.  (5:05-cr-00061-BO)

———————

Submitted:  September 20, 2006      Decided:  October 16, 2006

———————

Before MOTZ, TRAXLER, and KING, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Thomas P. McNamara, Federal Public Defender, Devon L. Donahue,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant. Frank D. Whitney, United States Attorney, Anne M. Hayes,
Christine Witcover Dean, Assistant United States Attorneys,
Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

William Allen Hester, Jr., pled guilty, without a plea agreement, to one count of felon in possession of a firearm and one count of possession of an unregistered machine gun, in violation of 18 U.S.C. §§ 922(g)(1), 924; 26 U.S.C. §§ 5841, 5861(d), 5871 (2000). The district court determined Hester satisfied the requirements for enhancement under the Armed Career Criminal Act ("ACCA") and sentenced Hester to a total term of imprisonment of 180 months. We affirm.

On appeal, Hester contends the evidence was insufficient to establish that his prior convictions were violent felonies under the ACCA. As Hester raises this issue for the first time on appeal, review is for plain error. See United States v. White, 405 F.3d 208, 215 (4th Cir.), cert. denied, 126 S. Ct. 668 (2005). To establish plain error, Hester must show that an error occurred, that the error was plain, and that the error affected his substantial rights. Id.

Hester argues the district court's reliance on the presentence report was erroneous as the report neither detailed the documents used in its creation nor specified the state statute at issue. However, we have previously determined that a district court is entitled to rely on a presentence report that "bears the earmarks of derivation from Shepard*-approved sources." United

---

*Shepard v. United States, 544 U.S. 13 (2005).

States v. Thompson, 421 F.3d 278, 285 (4th Cir. 2005), cert. denied, 126 S. Ct. 1463 (2006).  The presentence report details only that Hester was convicted of breaking into two businesses and stealing various items.  Because this information is of the type found in approved sources, it does not plainly appear that the district court erred by relying on the presentence report.

Further, it is readily ascertainable from the presentence report that Hester was convicted of N.C. Gen. Stat. § 14-54, the state statute proscribing breaking and entering buildings.  Because we have previously determined that a violation of § 14-54 constitutes a violent felony for ACCA purposes, see Thompson, 421 F.3d at 284-85, the convictions were properly used as ACCA predicate offenses.  Therefore, we conclude Hester has failed to establish that the district court's reliance on the presentence report constituted plain error.

Hester also contends his sentence is unconstitutional after Blakely v. Washington, 542 U.S. 296 (2004), because it was enhanced based on prior convictions that were neither alleged in the indictment nor found by a jury beyond a reasonable doubt.  Though Hester raised and preserved this issue in the district court, his argument is foreclosed by controlling circuit precedent.  In United States v. Cheek, 415 F.3d 349, 352-54 (4th Cir.), cert. denied, 126 S. Ct. 640 (2005), we held that prior convictions used as a basis for enhancement under the ACCA need not be charged in the indictment nor proven beyond a reasonable doubt.

Accordingly, we affirm Hester's sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED